UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARL LEE GRANT,
   Plaintiff,

vs.    No. 07-3078

JOHN EVANS, et.al.,
   Defendant.

CASE MANAGEMENT ORDER

This cause is before the court for consideration of the defendants' notice of removal, the plaintiff's motion for appointment of counsel [d/e 2] and merit review of the plaintiff's complaint. The plaintiff is proceeding pro se. Defendants Pickering, Carriker, Crow, Williams, Camp, Deen, McBride, Purse, Wingerter, Dorries, Balsano, Benton and Walker were represented by Attorney Lindsay Sweet.

I. REMOVAL

The plaintiff, Carl Lee Grant, originally filed his complaint in Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. However, the plaintiff's complaint alleged that several defendants at the Pinckneyville Correctional Center violated his constitutional rights. The defendants filed a proper notice of removal, and the plaintiff states that he does not object to the removal of this lawsuit to the United States District Court for the Central District of Illinois. This court has original jurisdiction over the plaintiff's claims and will permit the removal.

II. APPOINTMENT OF COUNSEL

The court notes that it appears the plaintiff filed a motion for appointment of counsel in state court that has not yet been addressed. The plaintiff's motion for appointment of counsel is denied. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. In this case, the plaintiff appears competent to proceed *pro se* based on his submissions and

1

participation in the hearing.

### III. MERIT REVIEW

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The court reviewed each of the plaintiff's allegations with the plaintiff and verified his intended claims.

The plaintiff alleges that several defendants at the Pinckneyville Correctional Center violated his constitutional rights. Therefore, the court finds that the plaintiff's complaint is filed pursuant to 42 U.S.C. §1983. The plaintiff has named 16 defendants including Warden John Evans, Assistant Warden Julius Flagg, Major Bill Pickering, Lieutenant Carriker, Hearing Investigator Christel Crow, Lieutenant Ronnie Williams, Correctional Officer Jon Camp, Lieutenant Kent Deen, Correctional Officer Carol McBride, Greivance Officer Wilber Gene Purse, Segregation Counselor Ms. B. Wingerter, Correctional Officer Craig Dorres, Lieutenant Balsano, Administrative Review Boardmember Sherry Benton, Administrative Review Board Member Douglas Cravens and Illinois Department of Corrections Director Roger Walker. Defendants Cravens, Evans and Flagg have not yet been served.

The plaintiff first alleges that on December 10, 2004 Officer Camp wrote a false disciplinary report against the plaintiff alleging sexual misconduct. The plaintiff says the Adjustment Committee found him guilty of the offense without a proper investigation. The plaintiff says the Adjustment Committee recommended that the plaintiff receive one month c grade status and one month in segregation. However, the plaintiff says the final report of the Adjustment Committee was later changed to indicate that the plaintiff would receive six months of c grade status and 6 months segregation time. Defendants Deen and McBride served on the Adjustment Committee.

The plaintiff has attached two copies of the Final Adjustment Committee Report. The first one does show one month disciplinary action and the second one shows six months disciplinary action. There is no other difference between the reports, nor is there any indication of the reason for the time change. The plaintiff has also provided a June 3, 2005 report from the Administrative Review Board signed by Douglas Cravens. The board agrees with the finding of guilt for the disciplinary ticket, but also notes that there is no "information to indicate the reason for the increase in the disciplinary action." (Plain Comp, Ex1-7, July 14, 2005 report) The board affirms the disciplinary action, but orders the record to reflect that the discipline imposed was for one month of segregation and one month of c grade status.

"Additionally, it is recommended the offender be paid at the unassigned rate of pay for the extra time spent in segregation." *Id.* During the hearing, the plaintiff confirmed that he did receive $50 for the extra time spent in segregation.

The plaintiff has failed to state a violation of his due process rights based on a "false" disciplinary ticket, a failure to properly investigate the ticket or his time in disciplinary segregation. Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). In the view of the Seventh Circuit Court of Appeals after Sandin, "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997). In fact, 'when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandlin* it can be made the basis of a suit complaining about the deprivation of liberty." *Id., see also Beveratti v Smith,* 120 F.3d 500, 504 (4th Cir. 1997)( confinement in administrative segregation for six months not a significant hardship despite claims of filthy cells, no personal hygiene items, leaky toilets, and hot cells).

Nonetheless, the court does find that the plaintiff has stated a violation of his Eighth Amendment rights based on his living conditions.

The plaintiff's second allegation concerns the loss of a grievance. The plaintiff says he filed a greivance concerning the disciplinary report with Grievance Officer Wingerter, but the initial grievance was lost. The plaintiff then filed a second grievance which he has attached to his complaint. The grievance officer does state in the response that the first grievance was misplaced. His second grievance was considered and denied by Grievance officer Wilber Gene Pursell. Warden Evans concurred with the finding.

The plaintiff filed another grievance in March of 2005, complaining about the false disciplinary ticket and that his initial grievance was misplaced. This grievance was found to be untimely. The plaintiff has failed to state a violation of his constitutional rights.

The plaintiff has failed to state a violation of his Fourteenth Amendment due process rights. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedure does not, of itself, violate the constitution. *Maust v Headley,* 959 F.2d 644, 648 (7th Cir. 1992).

The plaintiff has also failed to state a violation of his First Amendment right of meaningful access to the courts. An inmate alleging denial of access to the courts lacks even the standing to

assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. *Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996). The plaintiff has failed to state that he was unable to litigate any such claim and in fact was able to file this lawsuit in federal court.

Finally, the plaintiff alleges that the defendants retaliated against him. The plaintiff says that during the months of April and May of 2005, Defendants Dorries and Balsano continually harassed and retaliated against the plaintiff. It began when Defendant Dorries repeatedly denied the plaintiff yard time. During the hearing, the plaintiff stated that the retaliation began after he complained about Defendant Dorries and filed a grievance. The plaintiff says he was not only denied yard time, but also showers and food trays. The plaintiff says he repeatedly complained about the actions of Defendant Dorries and Balsano, but not action was taken. The court finds that the plaintiff has adequately alleged that the defendants retaliated against him in violation of his First Amendment rights. The plaintiff has also alleged that Defendant Dorries violated his Eighth Amendment rights when he repeatedly denied the plaintiff yard time.

## IV. DEFENDANTS

Three of the plaintiff's 16 named defendants were not served in state court: Warden John Evans, Assistant Warden Julius Flagg and former Administrative Review Board Member Douglas Cravens. The court will attempt service on these defendants. Defense counsel states that Defendant Flagg is now at Pinckneyville Correctional Center, Defendant Evans is now at Centralia Correctional Center and Defendant Cravens no longer works for the Department of Corrections. Defense Counsel is to provide the clerk's office with Defendant Craven's last known address.

The court notes that in order for a defendant to be held liable under §1983, the plaintiff must demonstrate that each defendant caused or participated in the alleged constitutional violation. *McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir. 1982). The pro se plaintiff makes several broad accusations in his complaint. The court will allow the plaintiff to proceed against his named defendants, but he must articulate how each was responsible for the alleged violations. The plaintiff will also have to demonstrate that he did in fact exhaust his administrative remedies for each of the identified claims.

## V. RELIEF REQUESTED

The plaintiff states he is asking for 1) injunctive relief to prevent the defendants from continuing to harass and retaliate against him; 2) expunge all disciplinary reports; 3) order his transfer to another institution; 3) order an investigation of the adjustment committee; 4)

suspend the defendants for six months to a year; and 4) and to award compensatory and punitive damages.   The court explained to the plaintiff that if he is able to prove his case, he will only be able to recover potential monetary damages and perhaps injunctive relief

     **IT IS THEREFORE ORDERED that:**

**1) This court will accept the removal of this lawsuit from the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois to United States District Court for the Central District of Illinois.  The clerk is to provide notice of the removal by providing a copy of this order to the Sangamon County Clerk's Office.**

**2) The plaintiff's motion for appointment of counsel originally filed in state court is denied.**

**3)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities only:**

    **a) The defendants violated the plaintiff's Eighth Amendment rights when he was housed in a filthy cell, with no personal hygiene items, no cleaning supplies, limited food trays and no yard time.**

    **b) The defendants violated the plaintiff's First Amendment rights when they retaliated against him for complaining about and filing a greivance against Officer Dorries.**

    **c) Officer Dorries violated the plaintiff's Eighth Amendment rights when he continually refused the plaintiff yard time.**

**4)  All other claims based on federal law, other than those set forth in paragraph (3) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**5)  This case shall proceed solely on those federal claims identified in paragraph three above.  Any claims not set forth in paragraph three above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**6) Defense counsel is to provide the last known address for Defendant Cravens to the clerk of the court on or before May 18, 2007.**

**7) The clerk of the court is to issue waivers of service and notice of lawsuit to Defendant Cravens at his last known address, Defendant Flagg at Pinckneyville Correctional Center and Defendant Evans at Centralia Correctional Center**

**8) The court notes the plaintiff has filed a motion to proceed in forma pauperis in the state court. The plaintiff's motion is granted and the plaintiff may proceed without payment of an initial partial filing fee. The agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month`s income credited to plaintiff`s account to the Clerk of Court. The agency having custody of the plaintiff shall forward these payments each time Plaintiff`s account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement, to the attention of the Trust Fund Office**

**9) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**10) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**11) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this <u>14th</u> Day of May, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE